UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SMARTSKY NETWORKS, LLC,

                              Plaintiff,

v.

GOGO INC.; GOGO BUSINESS
AVIATION LLC; and GOGO
INTERMEDIATE HOLDINGS LLC,

                              Defendants.

Civil Action No.
3:24-cv-01087-FDW-DCK

**NON-PARTY SOLAIRUS AVIATION LLC'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

# TABLE OF CONTENTS

Page

FACTUAL BACKGROUND ................................................................................. 1
I.      Lawsuit Background and Solairus. ................................................................ 1
II.     Subpoena Scope and Meet and Confer Efforts. ........................................... 2
ARGUMENT ........................................................................................................ 4
I. ........ The Documents Sought by the Subpoena Are Not Relevant and Do Not Satisfy The Heightened Proportionality Analysis Required for Non-Party Subpoenas. ........................................................................................................ 7
A.     The discovery sought is not relevant and will not benefit Plaintiff's case. ................................................................................................................... 8
B.     The burden of the discovery sought from Solairus far outweighs any benefit defendants may receive from the information. ........................... 10
CONCLUSION .................................................................................................. 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Elec. Power Co., Inc. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)) ............ 8
*Cusumano v. Microsoft Corp.*, 162 F.3d. 708, 717 (1st Cir. 1998) .......................... 5
*Gillam v. Bertie Cnty Bd. of Educ.*, 2022 WL 6251966, at *2 (E.D.N.C. Oct. 7, 2022) ................................................................................................................... 4
*Howard v. Coll. Of the Albemarle*, 2016 WL 4384658, at *3 (E.D.N.C. Aug. 16, 2016)) .................................................................................................................. 7
*In re Asacol Antitrust Litig.*, 2017 WL 11475277 at *5 (D. Mass. 2017) ............. 5, 9
*In re Modern Plastics Corp.*, 890 F.3d. 244, 251 (6th Cir. 2018) ............................ 8
*Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)) .................................................................................................................. 5
*Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005) ................ 5, 11
*Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC*, 2009 WL 606190, at *2 (W.D.N.C. Mar. 9, 2009) ............................................................. 12
*Litton Industries v. Chesapeake and Ohio Ry.*, 129 F.R.D. 528, 531 (E.D. Wis. 1990) ................................................................................................................. 12
*Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D 238, 240-41 (E.D.N.C. 2010) ................................................................................................................... 8
*Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, 2014 WL 12733590 at *2 (C.D. Ill. Jan. 8, 2014) ........................................................................................ 8
*Nallapaty v. Nallapati*, 2021 WL 3686240, at *4 (E.D.N.C. Aug. 19, 2021) ........... 7
*Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004) ........................ 4
*Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) ......... 5
*Shervin v. Partners Healthcare Sys., Inc.*, 2013 WL 5655465, *5 (M.D.N.C. Oct. 15, 2023) ............................................................................................................. 6
*Spilker v. Medtronic, Inc.*, 2015 WL 12851391, at *2 (E.D.N.C. Jan. 6, 2015) ....... 7
*Spring v. Bd. of Trustees of Cape Fear Comm. Coll.*, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016) ..................................................................................... 6
*Va. Dep't of Corr. v. Jordan*, 921 F.3d. 180, 188 (4th Cir. 2019) ................ 4, 6, 8, 9

On or about June 27, 2025, Plaintiff Smartsky Networks, LLC ("Plaintiff") served a federal document subpoena (the "Subpoena") upon non-party Solairus Aviation LLC ("Solairus"). As evidenced by paragraph 9 of the definition section of Plaintiff's Subpoena, Plaintiff has cast its net far too broadly, embarking on virtually identical fishing expeditions with over 100 other unrelated third parties as well. For the reasons stated in this Memorandum, Solairus respectfully requests that the Court quash the Subpoena, at least as to Solairus.

## FACTUAL BACKGROUND

### I. Lawsuit Background and Solairus.

In the underlying lawsuit, Plaintiff alleges that Defendants Gogo Inc., Gogo Business Aviation LLC, and Gogo Intermediate Holdings LLC ("Defendants") maintain a monopoly on the market for air-to-ground ("ATG") broadband inflight connectivity ("IFC") products and services for business aviation aircraft in the United States. *See* ECF No. 1 at p. 1. Plaintiff alleges that Defendants undertook an anticompetitive campaign to block Plaintiff, a startup company, from entering the market. *See id.*

Solairus is a US-based private aviation services company whose core business is assisting aircraft owners with the safe, reliable, and efficient management and operation of their aircraft. *Solairus Aviation*, https://www.solairus.aero (last visited October 13, 2025). Within the Subpoena, Plaintiff defines Solairus as a "Fleet

Operator," or "a private jet charter, fractional jet ownership company, or any person or entity that owns or otherwise operates more than one business aviation aircraft." *See* Subpoena at p. 2, attached hereto as **Exhibit A**. The Subpoena lists over 100 such fleet operators. *Id*.

## II. Subpoena Scope and Meet and Confer Efforts.

Though discovery in the underlying action has only just begun, Plaintiff issued the far-reaching Subpoena to Solairus. The Subpoena notes that unless otherwise indicated, the "requests seek Documents Relating to Gogo, Relating to SmartSky, and Relating to the ATG IFC market in the United States for the period beginning January 1, 2014 and extending through the present." *Id*. at p. 8. The Subpoena contains a total of 33 document requests which seek, in part, all of Solairus's communications with Gogo and SmartSky, comprehensive information regarding aircraft managed by Solairus and the installation of Gogo and SmartSky equipment therein, documentation regarding customer demand for ATC IDC products or services, and documentation regarding marketing and sales efforts for Gogo and SmartSky products and services. *See id*. The requests, as propounded, would require Solairus to produce documents spanning over a decade and containing highly confidential information regarding Solairus and its clients.

In a good faith effort to assess the Subpoena, Solairus conducted an initial search for responsive documents, which returned approximately 275,000 unique

2

artifacts that would require further individualized analysis and review. Given the extreme breadth of the Subpoena, counsel for Solairus conferred with counsel for Plaintiff in an effort to attempt to narrow the scope of the Subpoena or to identify particular documents that Plaintiff was seeking. Following a telephone conference on July 23, 2025, wherein counsel for Solairus discussed concerns about confidentiality and the Subpoena's burden and overbreadth, counsel for Plaintiff did not revise the Subpoena or identify particular documents sought, but instead provided proposed search terms and names of proposed document custodians for Solairus to search.

A search utilizing these revised terms and custodians resulted in a total of 116,000 unique artifacts. Given the remaining volume, in an effort to see if Plaintiff's counsel would narrow the scope of Subpoena and identify particular documents sought, counsel for Solairus again conferred with counsel for Plaintiff via email. Again, counsel for Plaintiff refused to narrow the scope of the Subpoena, but provided a further narrowed list of search terms. The second revised set of search terms resulted in a total of approximately 12,000 unique artifacts, even after an effort to electronically "de-duplicate" the results.

Since July of 2025, Solairus has cooperated with Plaintiff in good faith. However, the parties have ultimately been unable to reach an agreement about the scope of the Subpoena. Throughout the meet and confer process, counsel for Plaintiff

3

merely provided proposed search terms in an effort to reduce the overall volume of artifacts, providing no real efforts to compromise regarding the actual content sought or to address Solairus's primary concerns about burden, confidentiality or the disclosure of trade secrets. Having satisfied the requirements of LCvR 7.1(b), Solairus now seeks to quash the Subpoena. Plaintiff has the ability to advance its arguments in this litigation without the production of Solairus's highly confidential client information and trade secrets, and without requiring the unjustified burden of reviewing hundreds of thousands of documents on the part of Solairus, an uninvolved third party to this lawsuit. Plaintiff's fishing expedition should be quashed, as producing this information would result in an undue burden upon Solairus, a third party, and the damage to Solairus and its clients resulting from the production of such information cannot be adequately quantified.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 45(d)(3), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that…subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Simply because "requested information is discoverable under Rule 26[(b)] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Discovery is "limited in scope by Rule 26(b)(1) in two fundamental ways" — relevance and proportionality to the needs of the case. *Va. Dep't of Corr.*

4

Case 3:24-cv-01087-MEO-DCK    Document 86    Filed 10/16/25    Page 7 of 20

*v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). "When discovery is sought from nonparties…its scope must be limited even more" than the general scope of discovery between parties in the litigation. *Id.* at 189. In fact, "[b]ecause nonparties are less intimately connected with a case than those litigating it…courts must not draw them 'into the parties' dispute without good reason.'" *Gillam v. Bertie Cnty Bd. of Educ.*, 2022 WL 6251966, at *2 (E.D.N.C. Oct. 7, 2022) (quoting *Va. Dep't of Corr.,* 921 F.3d at 189).

Therefore, the Fourth Circuit requires "a more demanding variant of the proportionality analysis" to determine whether a subpoena subjects a nonparty to undue burden and should be denied. *Va. Dep't of Corr.*, 921 F.3d at 189. The question is whether the benefits of discovery outweigh the burdens on the recipient, but "courts must give the recipient's non-party status 'special weight,' leading to an even more 'demanding and sensitive' inquiry." *Id*.; *see also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."). This special weight given to non-parties is particularly important when "the request is for highly confidential commercial information." *In re Asacol Antitrust Litig.*, 2017 WL 11475277 at *5 (D. Mass. 2017). "[I]f a subpoena seeks information from a business about its customers, it may implicate the business's interest in protecting competitively sensitive information, *as well as*
5

the customers' interest in protecting their privacy." *). Va. Dep't of Corr.*, 921 F.3d at 189. (emphasis added). The Court "'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (denying motion to compel production of documents from a third party where the information was obtainable from some other source that was more convenient, less burdensome, or less expensive) (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)); *see also Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005) (in deciding whether to quash a subpoena or issue a protective order, a court balances the relevance of the information sought, the need for the information sought, issues concerning confidentiality, and the potential for harm to any party); *Shervin v. Partners Healthcare Sys., Inc.,* 2013 WL 5655465, *5 (M.D.N.C. Oct. 15, 2023) (denying motion to compel where harm to third party outweighed any legitimate benefit to defendant).

Undue burden arises when a subpoena is overbroad and it "seeks information beyond what the requesting party reasonably requires." *Va. Dep't of Corr.*, 921 F.3d at 190. "A nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs; the requesting party should have done that before serving it." *Id*. Further, the Court should consider not only the "dollars-and-cents" burdens on the non-party, but also the burden caused by the invasion of "privacy or

6

confidentiality interests." *Id*. at 189. Undue burden also arises "where a subpoena is directed at information held by a non-party and the information is available from another source." *Spring v. Bd. of Trustees of Cape Fear Comm. Coll.*, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016).

Plaintiff's Subpoena is a "paradigmatic example" of an overbroad and unduly burdensome subpoena. *Schaaf*, 233 F.R.D. at 455. It seeks, in part, literally every communication between Solairus and Plaintiff (which Plaintiff unquestionably already has), every communication between Solairus and Defendants (which Defendants unquestionably already have), and extensive documentation which would require the production of highly confidential information pertaining to Solairus and its clients.

The party seeking to enforce a subpoena requesting documents from a non-party "bears the burden of demonstrating that the documents sought are relevant." *Spilker v. Medtronic, Inc.*, 2015 WL 12851391, at *2 (E.D.N.C. Jan. 6, 2015). Moreover, "litigants may not use the discovery process as a fishing expedition[.]" *Nallapaty v. Nallapati*, 2021 WL 3686240, at *4 (E.D.N.C. Aug. 19, 2021) (quoting *Howard v. Coll. Of the Albemarle*, 2016 WL 4384658, at *3 (E.D.N.C. Aug. 16, 2016)).

> **I. The Documents Sought by the Subpoena Are Not Relevant and Do Not Satisfy The Heightened Proportionality Analysis Required for Non-Party Subpoenas.**

The documents requested by Plaintiff from Solairus are neither relevant nor proportional to the needs of the underlying litigation. The harm in requiring Solairus to produce highly sensitive and confidential business information greatly outweighs any minimal relevance the documents may have.

### A. The discovery sought is not relevant and will not benefit Plaintiff's case.

"The proportionality requirements seek to avoid parties 'taking unreasonable steps to ferret out every relevant document.'" *U.S. ex rel. Hayes*, 2021 WL 665109, at *2 (quoting *Va. Dep't of Corr.*, 921 F.3d at 189). And, although "relevance is broadly construed 'to encompass any matter that bears on'" any issue in the case, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240-41 (E.D.N.C. 2010). When listing considerations for the heightened proportionality analysis discussed above, "courts should consider not just the relevance of information sought, but the requesting party's need for it." *Va. Dep't of Corr.*, 921 F.3d at 189; *see also In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) ("Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce the documents,' and the status of that person as a non-party is a factor.") (quoting *Am. Elec. Power Co., Inc. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). Therefore, "[t]he information sought must likely (not just theoretically) have marginal benefit in litigating important issues…in the economic sense that the

8

information must *offer some value over and above what the requesting party already has*, not in the sense that a mere *de minimis* benefit will suffice." *Va. Dep't of Corr.*, 921 F.3d at 189 (emphasis added); *see also Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, 2014 WL 12733590 at *2 (C.D. Ill. Jan. 8, 2014) ("Non-parties are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough[.]"). Here, the requested information not only fails to be relevant to the underlying litigation but also does not offer even a marginal benefit to litigation of the case. It is not apparent how information responsive to the propounded requests would help Plaintiff's assessments "over and above what [they] already [have]." *Va. Dep't of Corr.*, 921 F.3d at 189. Plaintiff has never definitively identified why it believes that anything that Solairus has would even be relevant to its claims, and, in fact, Plaintiff has no basis whatsoever to believe that Solairus has any information that is either a "smoking gun" or even marginally helpful to its case. To the contrary, this is a classic fishing expedition, where Plaintiff is desperately hoping that something helpful will show up in the net.

Plaintiff has the ability to advance its arguments in this litigation without the documentation it seeks from Solairus. For example, the Subpoena itself identifies over one hundred other fleet operators that may have pertinent information, and presumably from whom Plaintiff contemporaneously seeks documentation. Further, any documentation sought by Plaintiff regarding communications with Plaintiff

9

would already be within Plaintiff's possession. While Plaintiff may assert that it is not privy to Defendants' communications with Solairus, such documentation would presumably be in Defendants' possession and subject to the scope of discovery between the Parties, without placing an undue burden upon uninvolved third parties.

Here, Plaintiff has propounded an incredibly broad Subpoena upon a non-party when written discovery in the action itself remains pending and presumably no documents have even been exchanged by the parties to the lawsuit. *See* ECF No. 83. Plaintiff cannot satisfy its burden to demonstrate why it cannot obtain the information it seeks from other sources. *See Va. Dep't of Corr.*, 921 F.3d at 189 ("[T]he requesting party should be able to explain why it cannot obtain the same information, or *comparable information* that would also satisfy its needs" from other sources.) (emphasis added); *see also In re Asacol Antitrust Litig.*, 2017 WL 11475277 at *8 (holding that defendants have not established a need for the competitive information in rebate agreements when public sources available to defendants can be used to establish that third parties find different services to be interchangeable). The information already within Plaintiff's possession or reach is more than sufficient for Plaintiff to litigate its position.

### B. The burden of the discovery sought from Solairus far outweighs any benefit that Plaintiff may receive from the information.

Even if this Court were to determine the requests are relevant and provide a benefit to Plaintiff's case beyond what Plaintiff already has, the burden on Solairus

10
Case 3:24-cv-01087-MEO-DCK    Document 86    Filed 10/16/25    Page 13 of 20

*far* outweighs any benefit. To determine if there is undue burden to the nonparty subpoena recipient under the Fourth Circuit's heightened proportionality analysis, the Court considers not only the "dollars-and-cents" costs, but also the burden caused by the invasion of "privacy or confidentiality interests." *Va. Dep't of Corr.*, 921 F.3d at 189. Privacy and confidentiality interests include not only the interests of the subpoena recipient themselves but also the interests of "*others who might be affected.*" *Id.* at 190 (emphasis added). For example, "if a subpoena seeks information from a business about its customers, it may implicate the business's interest in protecting competitively sensitive information, *as well as* the customers' interest in protecting their privacy." *Id*. (emphasis added). Moreover, the text of Rule 45 contemplates the court's ability to "quash or modify the subpoena" if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). Applying these standards, the Court should quash the Subpoena because the substantial burden on Solairus *far* outweighs the slight, if any, benefit to the underlying litigation.

The information Plaintiff seeks, such as documentation reflecting which of Solairus's aircraft contain Gogo and SmartSky equipment, would require the disclosure of Solairus's sensitive and highly confidential client information, of particular concern for Solairus's clients, who tend to have a high net worth and/or are otherwise recognizable. The information requested by Plaintiff implicates both

11

the confidentiality interests of Solairus and the privacy interests of the third parties with whom Solairus contracts. "In instances where a subpoena requires disclosure of…confidential or commercially sensitive information it should be quashed unless the party serving the subpoena shows a substantial need and the court can devise an appropriate accommodation to protect the interest of the party opposing such potentially harmful disclosure." *Insulate Am.*, 227 F.R.D. at 432 (internal quotations, citations and emphasis omitted). As discussed above, Plaintiff cannot show a substantial need for the requested information.

Further, there is no appropriate accommodation to protect Solairus from harm if it is required to produce these documents. Notably, the scope of the protective order in this matter is pending. See ECF Nos. 50-51, 54, 56. Even if the protective order issue were settled, concerns remain. "There is *a constant danger* inherent in the disclosure of confidential information pursuant to a Protective Order. Therefore, the party requesting disclosure must make a *strong showing* of need, *especially when confidential information from a non-party is sought*." *Insulate Am.*, 227 F.R.D. at 434 (emphasis added) (quoting *Litton Industries v. Chesapeake and Ohio Ry.*, 129 F.R.D. 528, 531 (E.D. Wis. 1990)); *see also Irwin Indus. Tool Co. v. Worthington Cylinders Wisconsin, LLC*, 2009 WL 606190, at *2 (W.D.N.C. Mar. 9, 2009) ("An unacceptable risk of disclosure that cannot be adequately mitigated by a protective order is a factor in limiting confidential information.") (internal citations omitted).

12

In addition to the burden imposed on Solairus due to confidentiality and privacy interests, responding to the Subpoena would also impose a great financial burden upon Solairus. If Solairus were required to produce documents in this matter, Solairus would incur the full cost associated with review and production, which would necessarily include the costly retention of an e-discovery vendor. This does not take into account the fact that Solairus personnel would have to be pulled away from normal job duties for unjustifiable lengths of time to review the hundreds of thousands of potentially-responsive documents for responsiveness, confidentiality and privilege before they could be produced. The burden to Solairus *far* outweighs any benefit that the information sought may provide in litigation, especially in light of the early stage of discovery in the underlying action. In this case, the answer is clear: Plaintiff's so-called need does not outweigh the burden and expense to Solairus, and the Motion to Quash should be granted.

## **CONCLUSION**

For these reasons, non-party Solairus's Motion to Quash should be granted.

SIGNATURE ON FOLLOWING PAGE

Respectfully submitted this the 16th day of October, 2025.

          NELSON MULLINS RILEY & SCARBOROUGH LLP

          */s/ Chelsea K. Barnes*
          Chelsea K. Barnes, N.C. Bar No. 53378
          380 Knollwood Street, Suite 530
          Winston-Salem, NC  27103
          Telephone: 336.774.3397
          Fax: 336.774.3299
          E-mail: chelsea.barnes@nelsonmullins.com

          Marshall T. "Matt" Austin, Esquire
          Federal Bar No. 11435
          Liberty Center, Suite 600
          151 Meeting Street
          Charleston, SC 29401
          Telephone: 843.534.4301
          Fax: 843.722.8700
          Email: matt.austin@nelsonmullins.com

          *Counsel for Non-Party Solairus Aviation, LLC*

## RULE 37 CERTIFICATION

Undersigned counsel hereby certifies, pursuant to Fed. R. Civ. P. 37(a)(1), that Solairus has in good faith conferred with counsel for Plaintiffs and Defendants in an attempt to resolve the discovery dispute that is the subject of Solairus's Motion to Quash.

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Chelsea K. Barnes*
Chelsea K. Barnes, N.C. Bar No. 53378
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336.774.3397
Fax: 336.774.3299
E-mail: chelsea.barnes@nelsonmullins.com

*Counsel for Non-Party Solairus Aviation, LLC*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Chelsea K. Barnes*
Chelsea K. Barnes, N.C. Bar No. 53378
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336.774.3397
Fax: 336.774.3299
E-mail: chelsea.barnes@nelsonmullins.com

*Counsel for Non-Party Solairus Aviation, LLC*

**CERTIFICATE OF SERVICE**

I, Chelsea K. Barnes, certify that on this 16th day of October, 2025, a true and correct copy of the foregoing was served via ECF on all counsel of record.

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Chelsea K. Barnes*
Chelsea K. Barnes, N.C. Bar No. 53378
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336.774.3397
Fax: 336.774.3299
E-mail: chelsea.barnes@nelsonmullins.com

*Counsel for Non-Party Solairus Aviation, LLC*